The opinion of the Court was delivered by
O’Neall, J.
The process is brought under the following clause of the Act of 1819 : “ and if any white person shall beat or abuse any slave, quietly or peaceably being in his or her master’s plantation, or found anywhere without the same with a lawful ticket, he shall forfeit the sum of fifty dollars, to be recovered by the owner, and to his use, by action of debt, besides, being liable to the owner in an action of trespass for damages.”(a) The only question upon which the Court in-
*512 tends to express any opinion, in this case is, whether two or more defendants can be sued jointly for the penalty imposed by the Act; and we are clearly of opinion, that they cannot. The rule is, if the penalty is on the oflfence, and not on the offender, then as many as commit it, are jointly liable for the penalty ; if it is on the offender, each one who commits the act, is severally liable for the penalty. The Act is, if any white person shall beat or abuse, he shall forfeit the sum of fifty dollars ; plainly meaning that each and every person, who shall commit the act, shall forfeit and pay fifty dollars. The case of the State -vs. Smith & Smith, 1 N. and McC. 13, is an exactly analogous case to this. The defendants there, were convicted of killing a negro "in heat arid passion.” The Act of 1740, P. L. 173, under which they were convicted provides that “ if any person shall, upon sudden heat of passion, or by undue correction, kill his own slave, or the slave of any other person, he shall forfeit the sum of £350, current money.” It was held that each of the defendants was liable for the penalty.
xThe defendants here not being jointly liable for the penalty, the action was improperly brought against two defendants. Each should have been sued severally. The motion for a non-suit is granted.
Johnson- and Harper, JJ., concurred.

Motion granted.

 8 Stat. 538. The same provision is contained in an Act of 1839,11 Stat. 58. R.